## KENTUCKY & GREAT EASTERN R. CONST. CO.'S ASSIGNEE *v.* KENTUCKY & GREAT EASTERN R. CO., ET AL.

**Jurisdiction in Suit to Enforce a Contractor's Lien.**

    A suit to enforce a contractor's lien against a railroad company, in which it is sought to sell not only the rights and franchises of the company, but its tangible property, its roadway and right of way, can only be prosecuted in a county in which the road runs.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

March 25, 1880.

OPINION BY JUDGE COFER:

This was not a suit to foreclose a mortgage or deed of trust executed by the Kentucky & Great Eastern R. Co., and therefore if it were conceded that the provision of the charter giving to the Frank-

lin Circuit Court exclusive jurisdiction of such a suit has not been repealed by the new code it would by no means follow that the Franklin Circuit Court had jurisdiction of this case.

The object of the suit was to enforce an alleged contractor's lien, the foundation of which is not very apparent, but certainly is neither a deed of trust nor a mortgage. The company made a deed of trust to the Farmers' Loan & Trust Co., of New York. That company is made a defendant. It may be necessary as an incident to the appellant's suit, if he shall show himself entitled to relief, to enforce the deed of trust to the loan and trust company, but any court that has jurisdiction of appellant's suit must of necessity have jurisdiction of a cross suit by the loan and trust company to enforce its rights; otherwise the court could not settle in one suit the rights of all the parties having liens upon the property in litigation. Such a cross action would be a mere incident to the original action, and would be drawn to it wherever it was rightly brought. But the converse is not true. The appellant seeks to enforce a hostile lien, and he cannot derive support from that source. He must resort to a court that has jurisdiction of his case independently of another and especially one against whom he claims.

Nor is his action transitory. He seeks a sale not only of the rights and franchises of the company, but of its tangible property, its roadway and road superstructure. The right of way is an interest in real estate, and no part of that estate is situated in Franklin county, and consequently the circuit court of that county had no jurisdiction of the subject of the action. Sub-sec. 3, Sec. 62, regulates the jurisdiction in such a case, and the action should have been commenced in some of the counties into which the road runs.

Wherefore the judgment dismissing the petition for want of jurisdiction is *affirmed*.

*C. L. Raison, Jr., for appellant.    W. H. Wadsworth, for appellees.*